IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD DEAN PIERCE      )
                        )      No. 15-70
    v.                  )

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental social security income and disability benefits, alleging disability due to mental and physical impairments. Plaintiff's claim was denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

First, Plaintiff argues that the ALJ's mental residual functional capacity ("RFC") was not based on any medical opinion, but instead was based solely on the ALJ's lay view, because the ALJ rejected the only pertinent opinion of record. In the alternative, Plaintiff contends that the mental RFC was unduly vague.

The pertinent portion of the RFC provided that Plaintiff is "restricted to jobs involving only minimal contact with others." The only mental RFC opinion in the record was provided by Dr. Asha Prabhu and Ms. Kelly Weary, a nurse practitioner. Dr. Prabhu and Ms. Weary opined that Plaintiff was seriously limited or unable to meet competitive standards in many respects, including his ability to work in coordination with or proximity to others, interact appropriately with the general public, and accept instructions and respond appropriately to criticism from

2

supervisors.  In his analysis, the ALJ determined that the opinion was entitled to little weight, because it was inconsistent with overall examination findings.   In particular, the ALJ noted that Ms. Weary saw Plaintiff only twice before offering her opinion; that Plaintiff stopped working after an arm injury and related surgery, and there is no indication that any of the mental limitations at issue caused him to stop work; the reports appeared to be based on Plaintiff's subjective complaints at the time, and were not compatible with either the authors' own examinations and progress reports or claimant's statements to treating sources.  The ALJ further noted the absence of treatment records from Dr. Prabhu.

It is true that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." Gormont v. Astrue, 2013 U.S. Dist. LEXIS 31765, at *27 (M.D. Pa. 2013); Godson v. Colvin, 2015 U.S. Dist. LEXIS 58100 (W.D. Pa. May 4, 2015).  An ALJ might improperly substitute his own lay judgment, for example, when he inserts a limitation into the RFC, absent medical opinion supporting that limitation.  In this case, however, the ALJ did not commit that type of error.  Instead, the ALJ determined the weight to be afforded the opinion, and explained the grounds therefor.  He did not reject the opinion or afford it no weight, but afforded it "little weight." Reading the decision as a whole, it appears that the ALJ incorporated those limitations – namely, those regarding contact with other people -- which he accepted as supported by the record. Limiting contact with others in the workplace may encompass, for example, an impaired ability to interact appropriately with the general public or maintain socially appropriate behavior.  The statement offered by Ms. Weary and Dr. Prabhu opined to such impairments.  In other words, the ALJ did not manufacture the mental RFC from whole cloth.  While greater clarity and further

explanation greatly facilitate the obligations of a reviewing court, and are vastly preferred, I cannot find that the ALJ's conclusions in this instance were unsupported by substantial evidence.

As a final matter, "minimal contact with others," while not phrased or explained with preferred clarity, is not impermissibly vague under the circumstances. As suggested in the previous paragraph, the word "others" implicitly includes all other people in the workplace – supervisors, co-workers, and the public. There is no suggestion that the ALJ, when reaching his conclusion as to disability, meant or understood the phrase otherwise.[1] In sum, I find the ALJ's approach and explanation adequate, if barely so.

## CONCLUSION

In conclusion, I find no palpable error in the ALJ's approach. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 4th day of September, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[1] Plaintiff does not address the absence of vocational expert testimony at step five of the sequential analysis, or the ALJ's approach to that step. Therefore, nor do I.